# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

*IN RE:*

*DONALD DWAYNE STAGGS*
*MELANIE SUE STAGGS*
    *Debtors*

*Case Number: 207-05267*
*Chapter 13*
*Hon. Marian F. Harrison*

_____
## *MEMORANDUM*
_____

This matter is before the court on the Chapter 13 Trustee's objection to confirmation based on the debtors' homestead exemption pursuant to T.C.A. § 26-2-301(f) (2007). ***See*** 2007 Pub. Acts., c, 560 § 1, eff. June 27, 2007. On an issue of first impression, the parties ask the court to interpret the recent amendment to T.C.A. § 26-2-301 adding subsection (f). The debtors contend that they are entitled to a $50,000 homestead exemption, while the trustee argues that a maximum cap of $25,000 is permissible under subsection (f). For the reasons cited herein, the court OVERRULES the trustee's objection to confirmation. The following constitutes the court's findings of fact and conclusions of law.

Donald Dwayne Staggs and Melanie Sue Staggs ("Debtors") filed a Voluntary Petition under Chapter 13 of Title 11 of the United States Code on July 26, 2007.

In Schedule A of the petition, the Debtors listed a joint ownership interest in real property located at 127 Thorn Gap Road in Cookeville, Tennessee ("Real Property"). In Schedule C, the Debtors claimed a $50,000 exemption for the Real Property under T.C.A. § 26-2-301(f).

This Court held a hearing on confirmation of the Debtors' Chapter 13 plan on December 13, 2007. At that time, the parties stipulated to the following:

1. The debtors' property has a current value of $64,700.

2. The debtors' total unsecured debt as scheduled is $26,237.94.

3. If the debtors were entitled to an exemption of their homestead limited to $25,000, there would be sufficient equity in a chapter 7 case to satisfy all claims in full. If the debtors are entitled to a $50,000 homestead exemption, then the debtors' proposed chapter 13 plan paying $0.35 on the dollar is confirmable and complies with 11 U.S.C. § 1325(a)(4).

4. The debtors have one minor child and the debtors each have ownership interest in the home.

5. The issue is whether the debtors' exemption of $50,000 is permitted by Tennessee law. See T.C.A. § 26-2-301(f).

Following the hearing the court allowed additional time to file further briefs. Having now reviewed all pleadings, the court finds the trustee's objections should be overruled.

T.C.A. § 26-2-301 provides:

§ 26-2-301. Basic exemption

(a) An individual, whether a head of family or not, shall be entitled to a homestead exemption upon real property which is owned by the individual and used by the individual or the individual's spouse or dependent, as a principal place of residence. The aggregate value of such homestead exemption shall not exceed five thousand dollars ($5,000); provided, individuals who jointly own and use real property as their principal place of residence shall be entitled to homestead exemptions, the aggregate value of which exemptions combined shall not exceed seven thousand five hundred dollars ($7,500), which shall be divided equally among them in the event the homestead exemptions are claimed in the same proceeding; provided, if only one (1) of the joint owners of real property used as their principal place of residence is involved in the proceeding wherein homestead exemption is claimed, then the individual's

> homestead exemption shall be five thousand dollars ($5,000). The homestead exemption shall not be subject to execution, attachment, or sale under legal proceedings during the life of the individual. Upon the death of an individual who is head of a family, any such exemption shall inure to the benefit of the surviving spouse and their minor children for as long as the spouse or the minor children use such property as a principal place of residence.
>
> (b) If a marital relationship exists, a homestead exemption shall not be alienated or waived without the joint consent of the spouses.
>
> (c) The homestead exemption shall not operate against public taxes nor shall it operate against debts contracted for the purchase money of such homestead or improvements thereon nor shall it operate against any debt secured by the homestead when the exemption has been waived by written contract.
>
> (d) A deed, installment deed, mortgage, deed of trust, or any other deed or instrument by any other name whatsoever conveying property in which there may be a homestead exemption, duly executed, conveys the property free of homestead exemption, but the homestead exemption may not be waived in a note, other instrument evidencing debt, or any other instrument not conveying property in which homestead exemption may be claimed.
>
> (e) Notwithstanding the provisions of subsection (a) to the contrary, an unmarried individual who is sixty-two (62) years of age or older shall be entitled to a homestead exemption not exceeding twelve thousand five hundred dollars ($12,500) upon real property that is owned by the individual and used by the individual as a principal place of residence; a married couple, one (1) of whom is sixty-two (62) years of age or older and the other of whom is younger than sixty-two (62) years of age, shall be entitled to a homestead exemption not exceeding twenty thousand dollars ($20,000) upon real property that is owned by one (1) or both of the members of the couple and used by the couple as their principal place of residence; and a married couple, both of whom are sixty-two (62) years of age or older, shall be entitled to a homestead exemption not exceeding twenty-five thousand dollars ($25,000) upon real property that is owned by one (1) or both of the members of the couple and used by the couple as their principal place of residence.
>
> (f) Notwithstanding the provisions of subsection (a) to the contrary, an individual who has one (1) or more minor children in such individual's custody shall be entitled to a homestead exemption not exceeding twenty-five thousand dollars ($25,000) upon real property that is owned by the individual and used by the individual as a principal place of residence.

Subsection (f) sets the basic homestead exemption for an individual with custody of at least one minor child at no more than $25,000. The statute allows EACH ***individual*** debtor: (1) with custody of at least one minor child , (2) with ownership interest in the

principal residence; and (3) using such as the principal place of residence, a homestead exemption of $25,000. In this case, it is stipulated that both Mr. and Mrs. Staggs have custody of the minor child, both have ownership interest in the principal residence, and both are using such as their principal place of residence. Therefore, under the law, as amended, **<u>EACH</u>** debtor is entitled to a $25,000 homestead exemption.

The trustee argues that a comparison of the language in the new subsection (f) with the language in subsection (e) makes clear that subsection (f) applies only to individuals. Subsection (e), like subsection (f), provides an exemption available to an "individual," but, unlike subsection (f), subsection (e) also provides exemptions for married couples. The trustee surmises that "where the legislature includes particular language in one section of the statute but omits it in another section of the same act, it is presumed that the legislature acted purposefully in including or excluding that particular subject." ***State v. Edmondson***, 231 S.W.3d 925, 927 (Tenn. 2007) (quoting ***State v. Hawk***, 170 S.W.3d 547, 551 (Tenn. 2005) (internal quotations omitted). Applying this rule of construction, the trustee concludes that the lack of any provision for an exemption for married couples in the new subsection (f) implies that the new homestead exemption is available only to individuals, and not to couples.

The court agrees that the exemption is available to individuals based on the plain meaning of the statute, but disagrees with the trustee's leap of faith as to Legislature's exclusion of a "married" provision. As aptly pointed out by the debtors, Tennessee's personal property exemption statute grants a debtor $4,000 personal property exemption but does not include a "married" provision, instead allowing for each debtor

to claim their $4,000 personal property exemption.[1]  T.C.A. § 26-2-301(f)'s plain meaning gives each individual debtor the enhanced homestead exemption when all provisions of the statute are met, such as in this case.

Finally, the court notes that the Tennessee Constitution guarantees a homestead exemption.  The Constitution states in relevant part: "[T]here shall be a homestead exemption from execution in an amount of five thousand dollars or such greater amount as the General Assembly may establish."  TENN. CONST., ARTICLE XI, § 11. Subsection (f) provides for a greater amount for individuals with minor children.  To interpret the statute as suggested by the Trustee would require the court to deprive one of these debtors of their Constitutional right to a homestead exemption.

For all the foregoing reasons, the trustee's objection to confirmation based on the debtors' homestead exemption pursuant to T.C.A. § 26-2-301(f) is OVERRULED.  Debtor's counsel shall submit an Order not inconsistent with this Memorandum within ten (10) days of entry of this Memorandum.

It is, THEREFORE, so ordered.
This ____ day of January, 2008.

***THIS MEMORANDUM WAS SIGNED AND ENTERED***
***ELECTRONICALLY AS INDICATED AT TOP OF THE FIRST PAGE***

---

[1] Tennessee's personal property exemption is found at T.C.A. §26-2-103 and reads:

> Personal property selectively exempt from seizure. Personal property to the aggregate value of four thousand dollars ($4000) debtor's equity interest shall be exempt from execution, seizure or attachment in the hands or possession of any person who is a bona fide citizen permanently residing in Tennessee, and such person shall be entitled to this exemption without regard to the debtor's vocation or pursuit or to the ownership of the debtor's abode. Such person may select for exemption the items of the owned and possessed personal property, including money and funds on deposit with a bank or other financial institution, up to the aggregate value of four thousand dollars ($4000) debtor's equity interest.